Goeke, J., concurring in the result only: Although I concur in the result reached by the majority, I respectfully disagree with the majority’s analysis of section 213. “Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed.” New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). As a general rule, “personal, living, or family expenses” are not deductible. Sec. 262. As an exception to that general rule petitioner relies on section 213, which allows a deduction for “expenses paid * * * for medical care”. Section 213(d)(1)(A) defines deductible “medical care” to include “the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body”. We have consistently construed the medical expense deduction “narrowly” for over 40 years. Atkinson v. Commissioner, 44 T.C. 39, 49 (1965); Magdalin v. Commissioner, T.C. Memo. 2008-293. This case turns on whether petitioner’s claimed deductions are barred by the exclusion in section 213(d)(9). If medical deductions are construed narrowly, it follows that statutory exclusions from medical deduction should be construed broadly. This case presents the question whether the cost of surgery to alter nondisfigured, healthy tissue is deductible when the surgery is performed to address a mental disorder or disease. Section 213(d)(9) provides: (9) Cosmetic surgery.— (A) In GENERAL. — The term “medical care” does not include cosmetic surgery or other similar procedures, unless the surgery or procedure is necessary to ameliorate a deformity arising from, or directly related to, a congenital abnormality, a personal injury resulting from an accident or trauma, or disfiguring disease. (B) Cosmetic surgery defined. — For purposes of this paragraph, the term “cosmetic surgery” means any procedure which is directed at improving the patient’s appearance and does not meaningfully promote the proper function of the body or prevent or treat illness or disease. The majority opinion relies on two of the last four words to the exclusion of the rest of section 213(d)(9)(B) in allowing a deduction for petitioner’s genital surgery by concluding that petitioner suffered from a “disease” and that the genital surgery in question “[treated]” that disease. The definition of “cosmetic surgery” in subparagraph (B) begins with surgery “directed at improving the patient’s appearance”. The transformation of petitioner’s genitals was not directed at improving petitioner’s appearance but rather was functional. The authorities cited in the majority opinion for the proposition that genital surgery to treat GID is not cosmetic surgery support this conclusion. See, e.g., White v. Farrier, 849 F.2d 322 (8th Cir. 1988). Given the factual findings supporting the medical purpose of such surgery, it is therefore deductible as medical care under section 213(a) and is not excluded by section 213(d)(9) because it is not cosmetic surgery. On that basis I concur in the majority’s allowing petitioner a deduction for genital surgery. Having concluded that petitioner’s genital surgery is not cosmetic, I would reject the notion that it is nevertheless excluded as a “similar [procedure]” under section 213(d)(9)(A). Such a reading would negate the import of the definition of cosmetic surgery in subparagraph (B). Rather, I believe “similar procedures” in subparagraph (A) refers to procedures directed at improving appearance that are not necessarily considered surgical. Accordingly, petitioner’s hormone therapy is not a similar procedure under section 213(d)(9)(A) because it was in support of petitioner’s genital surgery and was not directed at improving petitioner’s appearance. On the other hand, Botox injections would be an example of a similar procedure in my view. I disagree with the majority opinion because it leaves open the possibility that expenses for surgery directed solely at altering physical appearance may nevertheless be deductible if it is intended to alleviate mental pain and suffering. I do not read the word “treat” in the context of section 213(d)(9)(B) to include physically altering a patient’s appearance to relieve extreme mental distress. Therefore, I would hold that the breast surgery is excluded “cosmetic surgery” under section 213(d)(9) as a matter of law, and to this extent I agree with Judge Gustafson’s concurring in part and dissenting in part opinion. I would read the statute in conformity with the legislative history. I believe that the word “treat” in the context of the cosmetic surgery exclusion implies that for expenses for any procedure to be deductible, the procedure must address a physically related malady. If surgery to relieve mental suffering without a physical nexus is deductible, a line is crossed from physical to mental treatment. A court should not cross that line in applying section 213. Any expansion of the medical expense deduction should be addressed by Congress because it is not clear that surgery which does not address a physical condition is deductible under section 213(d)(9). The majority holds that the line on deductibility for mental conditions has been crossed in general and that evolving mental diagnoses are considered diseases for purposes of section 213(d)(1)(A). I think this argument overlooks the nature of the exclusion in paragraph (9). The standard for deduct-ibility under section 213(d)(1)(A) is inherently more generous than that in subsection (d)(9). Congress enacted section 213(d)(9) in response to IRS interpretations of “medical care” as including procedures that permanently altered any structure of the body even if the procedure was considered to be an elective, purely cosmetic treatment. As the majority points out, majority op. note 27, the impetus for section 213(d)(9) was the Senate. The Senate Finance Committee report stated: under the provision, procedures such as hair removal electrolysis, hair transplants, lyposuction [sic], and facelift operations generally are not deductible. In contrast, expenses for procedures that are medically necessary to promote the proper function of the body and only incidentally affect the patient’s appearance or expenses for the treatment of a disfiguring condition arising from a congenital abnormality, personal injury or trauma, or disease (such as reconstructive surgery following removal of a malignancy) continue to be deductible * * *. There is no indication that the exclusion of surgery directed at improving appearance omits surgery related to helping a person feel differently about himself or herself even if such a change in feelings relieves mental suffering. The above-quoted language from the Senate Finance Committee report indicates that Congress intended to allow deductions only for cosmetic surgery to correct physical maladies resulting from disease or physical disfigurement, as opposed to cosmetic surgery on healthy tissue. The report uses “malignancy” as an example of a disease which can cause a deformity requiring cosmetic surgery which would be deductible. Accepting that the alteration of physical appearance can be a remedy to address a mental illness, the question remains whether deductions for such treatment are barred by a specific legislative mandate. I would hold that the breast surgery in this case is not medically necessary as that term is applied in deciding whether an expense is excluded under section 213(d)(9). The nuances of feminine appearance are virtually without bounds, and expenses for efforts to conform petitioner’s entire body to a feminine ideal are indistinguishable from excluded expenses regardless of petitioner’s mental health. In other contexts there is little question that deductions for breast augmentation or facial reconstruction surgery apart from physical disease or disfigurement or physical abnormality would be barred by section 213(d)(9). The issue is whether Congress intended to allow deductions for those surgeries if done to relieve a mental disease or illness. I remain unconvinced that Congress intended to permit deductions for such surgery directed at appearance and not directed at physical disfigurement or physical dysfunction or physical disease. To accept that deductibility is possible under different facts is to entertain that all forms of cosmetic surgery will be deductible medical expenses if the surgery addresses or relieves mental suffering caused by a recognized mental disorder. I do not agree that the statute read in its entirety permits such deduction. Holmes, J., agrees with this concurring in the result only opinion.